IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                       Case No. 4:15-cr-40011

LACOURTNEY D. SANDERS                                                                   DEFENDANT

## ORDER

Before the Court is Defendant Lacortney D. Sanders's Motion for Immediate Release Due to COVID-19 Pandemic. (ECF No. 57). The Court finds that no response is necessary and that the matter is ripe for consideration.

## I. BACKGROUND

On June 20, 2018, the Court sentenced Defendant to 121 months of imprisonment with credit for time served; 5 years of supervised release; and a $100.00 special assessment. On April 27, 2020, Defendant filed the instant *pro se* motion, seeking to be allowed to serve the remainder of his sentence on home confinement. Defendant states that his medical conditions render him vulnerable to COVID-19 should it reach USP Pollock, where he is currently incarcerated. Defendant does not specify what authority he moves under, so the Court will construe the motion as seeking relief under section 602 of the First Step Act of 2018 (the "FSA"), which governs home confinement.[1]

---

[1] To the extent that Defendant is instead seeking compassionate release under section 603 of the FSA, that request would be denied. The Court can only consider a motion for compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 19 U.S.C. § 3582(c)(1)(A). Defendant has not provided any evidence that he has fully exhausted his administrative remedies within the Bureau of Prisons or that he made a compassionate-release request that was not responded to within thirty days. Accordingly, the Court does not currently possess the authority to grant a compassionate release and, to the extent that Defendant seeks that relief, the request should be denied without prejudice to refiling in the future if he fully exhausts his administrative remedies within the BOP. *See United States*

## II. DISCUSSION

A prisoner must fully exhaust all administrative remedies within the Bureau of Prisons ("BOP") before filing a motion regarding confinement. *Austin v. Woods*, No. 2:19-cv-7-WHA, 2019 WL 2417654 (M.D. Ala. May 17, 2019). For the reasons discussed above, Defendant has not shown that he has done so, and the request should be denied on that basis.

Even if he had, though, section 602 of the FSA does not allow the Court to order that Defendant be placed on home confinement. A court may not modify a term of imprisonment once it has been imposed except when expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c). Nothing in the FSA, or the statutes amended by it, permits the Court to order BOP to place Defendant in home confinement. *United States v. Kluge*, No. CR 17-61 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020). Following the enactment of section 602(a) of the FSA, the BOP is directed to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months" and should, to the extent practicable, "place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2). The FSA did not change 18 U.S.C. § 3624(c)(4), which states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621," which in turn provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. §§ 3624(c)(4), 3621(b).

Thus, under the FSA, the discretionary authority to place a prisoner on home confinement remains solely with the BOP. 18 U.S.C. §§ 3624(c)(4), 3621(b); *see also United States v. Norris*, No. 7:17-CR-40-FL-1, 2019 WL 5079759, at *1 (E.D.N.C. Oct. 10, 2019) (collecting cases). The

---

*v. Mendoza*, No. CR103131DWFFLN, 2019 WL 6324870, at *4 (D. Minn. Nov. 26, 2019).

FSA does not provide the relief Defendant seeks, and the Court lacks authority to place Defendant on home confinement or to otherwise order the BOP to do so.[2] To the extent that Defendant seeks to be released to home confinement, he must make that request to the BOP.[3]

### III.  CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 57) should be and is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Some federal courts have concluded that emergency petitions for release on home confinement, based on COVID-19, are properly construed as habeas requests pursuant to 28 U.S.C. § 2241. *See United States v. Brady*, No. 3:20-CV-623, 2020 WL 1865486, at *3 (M.D. Pa. Apr. 14, 2020) (collecting cases).  To the extent that Defendant's request could be construed as seeking section 2241 habeas relief, it must be denied because a petitioner may only seek section 2241 relief in the federal judicial district in which he is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).  Defendant is incarcerated in USP Pollock, which is not within the Western District of Arkansas.  Thus, the Court lacks jurisdiction over any section 2241 habeas claims that he is asserting.  If Defendant wishes to seek section 2241 habeas relief, he must do so in the federal judicial district in which he is incarcerated.

[3] The Court shares Defendant's concerns about the effect of COVID-19.  However, those concerns are not being ignored by the BOP or the Court.  Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement for "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations."  *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, *The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), available at https://politi.co/2UV3JBi (last visited April 27, 2020).  The Court's ruling here should not be construed to reflect negatively on Defendant's eligibility for home confinement or on the conditions of any such placement.  The Court trusts that if Defendant submits a request for home confinement to the BOP, that it will promptly review his eligibility for some type of release, removal, or furlough, if appropriate, under the standards issued by the CDC on which persons are at heightened risk.